UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALICE STEWART | CIVIL ACTION |
| VERSUS | NO. 07-6177 |
| ALLSTATE INSURANCE COMPANY | SECTION: "C" (5) |

## ORDER

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 3). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*  This showing may be made by either: (1) demonstrating that it is

facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 5), Allstate Insurance Company ("Allstate") filed a memorandum and affidavit that attempted to show that the jurisdictional minimum was met (Rec. Doc. 5). To illustrate the amount in controversy, Allstate pointed to the plaintiffs' insurance policy limits for their dwelling and contents. In this case, the policy limits total $115,200 for dwelling, contents, and personal property. (Rec. Doc. 5, Affidavit of Daniel Murphy). Allstate also asserted that the plaintiff's request for attorneys' fees and penalties catapults the claim over the jurisdictional minimum. (Rec. Doc. 5, Memorandum on the Minimum Jurisdictional Amount). Essentially, Allstate argues that although it has made payments to Plaintiff, more than $75,000 remains under the limits of the policy, and thus, federal jurisdiction

is appropriate (Rec. Doc. 6).

However, Plaintiffs' claim does not state that there was a total loss or destruction of these items. (Rec. Doc. 1, State Court Pleadings). Therefore, using the policy limits as a reference point for federal jurisdiction is inappropriate. Indeed, the relevant inquiry concerns damage to the property, not the value of the policy. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (March 8, 2007). Also, it is not clear that an award of attorneys fees and/or penalties under state law would bump Plaintiff's claim above the jurisdictional amount. Under Louisiana law, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La.Rev. Stat. § 22:658 (emphasis added). In this case, there is no evidence pointing to the amount of the loss; thus, the Court cannot determine the potential effect of § 22:658 with regard to the jurisdictional amount. Also, Defendant must do more than point to the possibility of attorneys fees; indeed, Defendant must present facts indicating the propriety of such penalties to satisfy the jurisdictional minimum on this ground. Thus, it is not facially apparent, nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal.

In addition, the Court is mindful that removal jurisdiction is strictly construed.

*See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739. Although this is a close case, the Court finds that Allstate has not established subject matter jurisdiction.

IT IS ORDERED that this matter be and hereby is REMANDED to Division "H" of the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 2nd day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE